No. 625

McGINNESS v. McGINNESS

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4925.   Decided March 24, 1924

1002.  RECEIVERS—An appeal lies to Court of Appeals from an order of the Common Pleas fixing the amount of a Receiver's compensation.

VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in partition in the Common Pleas, wherein one Dworken collected rents in the amount of $9,000, and upon the filing of his final account was allowed $470 as compensation. Dissatisfied with this allowance, Dworken filed a bond for appeal to the Court of Appeals, which held:

The allowance of compensation was a final order and Dworken had an interest in it that even though he is not a party to this suit, he may appeal from the judgment of the Common Pleas, and he is rightfully in this court. It appearing from the evidence that Dworken previously agreed to accept 5 per cent of the rents collected as full compensation, the allowance to him of $470 was sufficient and a decree will be drawn for that amount with costs of the appeal charged to Dworken.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, for Dworken; Max Goodman, for McGinness; all of Cleveland.

---

OHIO SUPREME COURT
PENDING CASES
(Continued from Page 595)

contravention of the constitution of Ohio and of the U. S.

The State recovered a judgment in the Cuyahoga Common Pleas June 30, 1924. In the petition the relator, the Attorney General, alleged that on and before July 7, 1920, the Olmsted Hotel Co. was a corporation, engaged in the hotel business at Cleveland, and operated the Winton Hotel and that prior to that date it had failed to comply with the Workmen's Compensation Act, 1465-69 GC., and prior thereto had in its employ five or more workmen or operatives required in its business.

That on or about that day, James Tallerico, an employe, while in the course of said employment, was struck by a descending elevator, his injuries resulting in his death, leaving nephews, Anyelo and Joseph Tallercio, aged respectively 12 and 10 years, claiming to be partially dependent upon him for support. Frank Tallerico, as their guardian, had the Attorney General, through 1765-74 GC. bring an action in his official capacity for the Industrial Commission, on behalf of Frank Tallerico, Guardian, setting up that he had elected to pursue his employe's remedy for the injury by making application to the Commission for an adjustment of compensation.

On March 8, 1921, the Commission found that there was due to Frank Tallerico, as said Guardian, $2080. It was further alleged that a copy of the finding, on March 8, 1921, was served by mail on the Hotel Co., and it had failed to pay the same. It therefore asked for a judgment of the amount, plus a penalty of 50 per cent for failure to pay within ten days.

The Hotel Co. answered admitting the injury, death and guardianship, and setting up that it first began the operation of the Winton Hotel and employer of five operators, July 1, 1920. That subsequent to the filing of the application before the Industrial Commission, and in due time, it had filed therein its proper answer, and that until a long time after the death of Tallerico, on July 7, it had no knowledge of what amount of premium was chargeable by the Commission against it for the first six months' period.

The agreed statement of facts filed as a part of the bill of exceptions shows that on the date of the injury the Hotel Co. had not elected to pay compensation, etc., directly, under 1465-69 GC., but that not until about Sept. 4, 1921, had it been a subscriber to the state insurance fund. Also that on Sept. 24 the company received advice from the commission that its first premium for six months was $2046, and that the insurance would be in full force and effect, and date from the first week day after the payment had been received by the Treasurer of State. This amount was forwarded to the Commission Oct. 16, 1920, and entered to the credit of the company, this period the date of the inquiring.

It is the contention of the Hotel Co. that the Commission, at the time it made the award against it of $2080, knew it became an employer July 1, 1920, and had before it the company's pay roll for the period., and that its payment of $2046 assessment covered the Tallerico claim, which should be paid from the state fund.

The Commission gave judgment against the Hotel Co. for $2080 (plus the 50 per cent penalty). The Cuyahoga Appeals affirmed the judgment of the Common Pleas.

Attorneys—Calfee, Fogg & White and O. A. Dickey, Cleveland, for Hotel Co.; C. C. Crabbe, Atty Gen., and R. R. Zurmehly, Columbus, and David E. Green, Cleveland, for the State.